We now will go to the next case, Hurd v. The City of New York. Good morning, Your Honors. Thank you for the plaintiff appellant, DeVar Hurd. I'd like to reserve two minutes for rebuttal. Yes, sir. You have that. Thank you. May it please the Court. Among the most fundamental principles in our legal system is that the government cannot deprive a person of liberty without legal authority. That is what happened here. Mr. Hurd alleges that he was unconstitutionally held in prison almost a year past the release date that was mandated by state law. The district court's sole basis for dismissing his claims was that this release date was labeled a conditional release date as opposed to the date on which his maximum term of imprisonment ended. But as we show in our briefs, this distinction is meaningless to the Constitution. We've cited cases from six other circuits holding that it violates the Eighth Amendment, substantive due process, or both, to imprison a person beyond the date on which his release is mandated by state law. The Seventh Circuit has specifically found that it violates the Eighth Amendment to imprison someone after the date on which his good time credit entitles him to early release, which is exactly what happened to Mr. Hurd in this case. That's the Campbell decision, which we discuss at page 25 of our opening brief. There, the court held that it violates the Eighth Amendment to imprison a person beyond the release date dictated by state law. We also cite multiple cases from this circuit, approvingly citing those other circuits' precedents. Page 20 of our opening brief, we discussed Souther v. City of New York, in which this court wrote, quote, we have suggested in the past and other courts within and without this circuit have held that detention beyond that authorized by law may violate the Eighth Amendment, unquote. As that language suggests, the Constitution prohibits imprisonment past a mandatory release date, regardless of what label you attach to that release date or which legal provisions may have been applied to arrive at that date. The numerous cases from this circuit and other circuits that we cite clearly established that rule as of April and May 2016, which is when Defendant Fredenberg was deliberately indifferent to what she knew would be Mr. Hurd's imprisonment past his rightful, mandatory release date. Mr. Loop, it seems to me that Judge Massimato did seem to confuse the parole cases with the idea of the conditional release, and perhaps it's the term of conditional release that causes some of that consternation. So I'll presume that I give you the fact that he was entitled to release, but it's entitlement to release is premised upon a correct calculation of his local jail time credit, isn't it? Yes, that's correct. And who has, under New York law, who has the sole responsibility for that calculation? Under New York, the city has the statutory obligation to certify jail time in the first instance. And hasn't the Third Department also said that the state has to binding under state law in the sense that a prison official cannot unilaterally alter a jail time certificate? So would you and I agree that under state law, Ms. Friedenberg or Mr. Friedenberg, I don't know whether it was Ms. or Mr., did not have the authority to alter the jail time credit certificate? I would agree with you on the limited proposition that Ms. Fredenberg did not have the authority to actually unilaterally change the number on the piece of paper itself. Does it just claim under 1983 require a causal link between her response and the injury that your client received? Yes, certainly. And how does she fit within that causal link then if she doesn't have the authority to alter it? And B, she's bound by the local calculation under section 600A? She was bound by the local calculation only in the sense that, again, she didn't have the authority to unilaterally alter the jail time figure on that piece of paper. State authorities that provide that don't override federal court decisions applying the U.S. Constitution. I don't understand that. This is a 1983 action, right? Yes. So presuming that your client may have had a liberty interest if indeed his calculation of his local jail time credit was favorable to him and the operation of law that his release date should have been before he actually arrived at the state facility. But notwithstanding that, if the sole responsibility rests with the local agency in the accuracy of that calculation, how does she then fit within the causal chain of causing his injury? Because the federal court decisions interpreting the 14th and 8th Amendments say that if a prison official who is, after all, the one who's imprisoning the person and makes the decision whether to release him, if that prison official knows that there is some error keeping him unlawfully confined, then she has a constitutional obligation to do something about it. So how does she know on the faxes you pled in your complaint? How does she know? The faxes pled in your complaint indicate that she was concerned that he may owe some local time because he had some additional sentences from the original conviction. There were seven misdemeanor convictions of which he got consecutive one-year sentences, which then all by function of law go to two years straight local time. And then he had some additional 90-day sentences. But her question to the local officials were, does he owe any local time? Should he be going back to Rikers? And the answer was, no, he doesn't owe any local time, but the calculation of his jail time credit's wrong. What is she supposed to do? Well, then she spoke with the jail time coordinator from the city. Fair enough, she did that. But even if she disagreed with both of them, can she alter their certificate? She can't unilaterally alter it. So my question to you under state law, who has the authority to alter the certificate? The local officials, correct? That's right, and she had the obligation. If she can't alter it, how does she then fit within the causal chain? It may very asked other people, but if she can't alter it, even if she disagrees with them, if she can't alter it, how does she fit within the causal chain of violating your client's constitutional rights? Because as you just said, your honor, she was in a position to make a phone call. So someone who's aware of, are you aware of the sample case in the third circuit? Yes, your honor. A prison warden who's aware of the fact that someone might be released early doesn't fit within the causal chain and the third circuit said he's not responsible with regard to that because he doesn't fit within the causal chain. A warden, let me read to you. A warden, for example, although he may be ultimately responsible for seeing the prisoners are released when their sentences are served, does not exhibit deliberate indifference by failing to address the sentence calculation problem brought to his attention when there are procedures in place for calling others to pursue the matter. I don't understand how she causes his injury. Because the cases that we cite all explain that in order to make out the claim, you have to show deliberate indifference. And the way that you show that is by showing that the prison official had reason to know that... All of whom could have altered the result, but when you can't alter the result, how can you be deliberately indifferent? She didn't have to alter it herself, but she was in a position that all she had to do was take some kind of action. She knew that he was almost certainly being held past his rightful release date. Well, what if this were the warden? Let's presume this is the warden then of the facility. The warden's aware of it. And then the warden might also, if the warden doesn't do something, the warden might also then be responsible? Well... Anyone who could call the city and say your certificate is wrong is responsible on the state side? That's an open... Absent some duty, how can there be a constitutional tort? Because Ms. Fredenberg was the person who was responsible for entering those figures in the computer, and she was the one who was in the position to take even the most minor steps to follow up on what she knew. Clerical, ministerial. Who had the authority under state law to make the calculation? The city official had the authority to alter the figure, but Ms. Fredenberg knew that the figure was wrong, and she certainly had the ability and the obligation under all the cases that we cite to take the most minimal steps to make sure that that issue was finally resolved. Let me ask you this. If they had refused to alter it, is she liable? Well, I mean... No, this is my question. If she had said to them, you know the calculation's wrong, he really should have 996 days. And they say, no, this is right. What happens then? Well, she actually spoke with... No, just answer my question. I gave you a hypothetical, now answer the hypothetical. Don't fight the hypothetical, just tell me the answer to the question. She says to them, this is wrong. You miscalculated. I think you've miscalculated. I don't know whether he's got additional local time that's owed. That's why I originally asked, but you haven't told me that, or you told me he doesn't. But I think this is wrong. And therefore, tell me what the right date is. And they say, no, this is the right number. 500 days is right, not 996. Is she liable? If she does nothing more? The answer that it was right, then no, but that's not what happened. She received a definitive answer to the contrary from the jail coordinator. Ms. Nixon? Yes. So by state law, Ms. Nixon's characterization then binds Ms. Friedenberg? And give me a citation of what state law that is. The point is that she wasn't bound by either of them. What she was obligated to do under the constitution was to take the minimal steps necessary to come to make sure that the right beyond when he should have been released. Well, I agree with you that it's ridiculous that he was held that long. And I note that the city's paid you because of their negligence and that this is not the only incident in which this occurred. I totally understand that. My question to you is how broad a net does a ruling in your favor cast this? And that's my concern. I'm sorry. I've occupied enough time. And I would just say, I understand that, but in this case, it's actually pretty easy because Ms. Friedenberg had it on. It may be easy for you, but I think my question is reflected. It's not so easy for me. I understand that. Ms. Friedenberg had it on authority from the jail time coordinator who had also confirmed that with the state office. Yes, but if the jail time coordinator had sent a new certificate as Ms. Friedenberg has asked her to do, then we wouldn't have a problem here. But well, did she send a jail time certificate? No. Okay. Judge Wesley, if you've completed your questioning, can I ask a few questions? No, I'm sorry. Go ahead. This is Judge Katzmann. I have a threshold question. And that is whether the state court's judgment collaterally stops or its federal claims here. Federal courts have to give, as you know, a state court judgment, the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. And under New York law for collateral estoppel to apply, there are two essential conditions. One, the identical issues necessarily must have been decided in the prior action and be decisive of the present action. And the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination. And as I look at it, I have some questions. Aren't the issues here, if not, aren't the issues here, is it really the identical issue here that was decided in the state action? That is to say that Herd's prior state action for wrongful imprisonment was grounded on the same facts and conduct by Friedenberg that Herd challenges here. Why isn't that with respect to identity of the, why isn't the state court's judgment decisive of the present action? There are more than one reason, Judge Katzmann, but with respect to your question about the identity of issues, these were not identical issues. They were not identical issues. And the main reason for that is that the court of claims made no factual findings whatsoever about key factual allegations that go to the very heart of Mr. Herd's federal claims. So, for instance, the court of claims never made any factual findings about our allegations that Mr. Herd made detailed, well-founded complaints to Ms. Friedenberg about the erroneous amended jail time certificate and then falsely told him there was nothing she could do about it. That allegation is key to our federal claim. Additionally, after Ms. Friedenberg had applied the erroneous jail time certificate, which everyone now concedes was erroneous, a colleague of hers wrote to her that Mr. Herd's jail time credit kept getting reduced with each update from Mr. Felicien and she responded, gleefully celebrating his continued imprisonment. Yes, it does, with a smiley face emoji. The court of claims made no factual findings whatsoever about those allegations. Did you appeal the judgment of the New York Court of Claims? No, Your Honor. Well, how would you respond to this view that if you were concerned enough about the instant federal action to seek an appeal now, shouldn't you have appealed the judgment by the New York Court of Claims as well, anticipating that a court judgment might have a preclusive effect on your federal action here? The reason we didn't appeal it is because we didn't have the incentive to because of the almost certain reduction in damages because of the initial settlement. And as I just argued, this court of claims action does not have preclusive effect. Um, this is Judge Walker. Um, it's issued preclusion and, and, and the court of claims decision went to the subjective component of Ms. Friedenberg's behavior. Uh, and they determined that she acted, did not act unreasonably. Now, how do we go from that to finding that she acted with deliberate indifference or recklessly? Uh, you know, if, if that decision was made with regard to the exact same conduct here, uh, the detention continued, uh, unlawful detention, as it turned out of, of your client. Uh, and so why isn't that preclusive? Uh, if, if, if we get, if we address it, if we address the collateral estoppel, uh, why, why isn't preclusive on that point, which is the key point that you were raising in your federal appeal? Again, your honor, because the state court made only limited factual findings that concerned, uh, whether the, whether Ms. Friedenberg reasonably, reasonably deferred to this erroneous jail time certificate at the time she received it, the court did not go on to make. I'm sorry. It's not that it's, it's, it's, it's not a question of what actually, um, happened and what the, in terms of the factual findings, it's what you, it's, it's, it's, did you have the opportunity to litigate, uh, to raise all the points and you did, uh, and you lost. There's the case law we cite in our reply brief, uh, makes clear. I mean, the doctrine is equitable. It's meant to be narrowly and tailored to ensure that the, the issue to be precluded was thoroughly explored in the prior proceeding. It was squarely addressed and specifically decided so that the litigant has his day in court to have those, those factual allegations, uh, addressed. They weren't in the court. But squarely addressed, squarely addressed and actually decided, uh, it doesn't speak to the quantum of evidence. The quantum of evidence was left up to the lawyers. Uh, and the lawyers had the opportunity to present evidence, uh, and the lawyers may or may not. And if, if there's limited evidence before the state court, um, then that's, uh, and, but they, but they squarely face the issue that is her subjective behavior, uh, and, and, and decided, then why isn't that determinative? The problem is that the court of claims did not squarely address or specifically decide the key factual issues that are, that again, go to the heart of Mr. Hurd's federal, uh, complaint. She, she stopped her fact, the court claims stopped its factual analysis at that point along the timeline where Ms. Fredenberg applied the erroneous jail time certificate. It did not go on to make any factual findings about the key factual allegations that detailed complaints about the erroneousness of the jail time certificate. So she never, the court of claims never decided that key factual issue. It did. It didn't decide or I thought, didn't it? I'm sorry. Your honor. I didn't hear that. It had those facts before it, that you're, you're talking about. Uh, it, it did. But again, the, the, the case law is clear that, that the court has to have explored and squarely addressed the, the, uh, issues that are, that are to be precluded. And the court just, the court just apparently ignored those issues. Mr. Hurd hasn't yet had his day in court on those factual issues, which are key to this case. Well, part of it is you didn't appeal. Um, secondly, um, when you talk about lack of incentive, I understand that argument, but, uh, our case law says that while lack of incentive to litigate vigorously may render the collateral estoppel doctrine inoperative, lack of incentive to appeal does not have the same effect rather. And I'm quoting from, uh, Pinky versus Keene rather failure to appeal an adverse judgment negates the preclusive effect of that judgment. Only review, only when review was unobtainable as a matter of principle. Well, Your Honor, at page five of our reply brief, we, we are the ones who presented that, um, the Pinkney case, because we noted that while the court had yes, indeed said that in 1990, it had since, uh, and that court based it on the restatement, but the second circuit and New York courts had both since that decision made clear that under New York law, the lack of incentive to appeal is relevant. Uh, that's the Johnson case. Uh, and we also cite, uh, the Church case from the third department. Again, those are at page five of our reply brief. Talking about your reply brief, uh, you say on pages 11 to 12, that you likely gathered additional evidence that was not considered by the state court, as you've said. Um, and, um, uh, could you tell us why you did not try to supplement the summary judgment record in the state court with evidence that you are now talking about? Well, again, this goes to the lack of incentive to vigor, to vigorously litigate the case. The case had already been briefed, uh, but after we settled with the, uh, city defendants, the, the way that the, the court of claims, uh, uh, provides for an offset of, of damages from federal actions, it would have reduced any damages that Mr. Hurd could recover in the court of claims. So there was little incentive to, uh, go back and, and, and vigorously litigate that case as much as we would have otherwise. Some of the evidence was also, uh, well, let me, I'll, I'll stop there. Okay. Um, you, you'll have, you'll have, uh, two minutes, uh, for a rebuttal and we'll now hear from your, uh, adversary and then the questioning will begin with Judge Wesley again. Thank you, Your Honors. May it please the court, Linda Fang on behalf of the defendant, Stacey Friedenberg. The district court here correctly determined that Friedenberg, a clerical employee, is not liable because there is no clear authority from this circuit or any other circuit that substantive due process or the eighth amendment, which are the only claims that plaintiff has pled in this complaint, are violated by detaining, detaining a person beyond this conditional release date based on erroneous and conflicting jail time credit information issued by another jurisdiction that Friedenberg had no authority under state law to alter. And plaintiff has acknowledged as much and has identified no case from this circuit or any circuit that has held that the circumstances of this case would give rise to a substantive due process violation or constitute cruel and unusual punishment so as to violate the eighth amendment. And again, as the other circuits have said, haven't they, that the eighth amendment is violated by detaining a person without authority to do so, without legal authority to do so. Now, that, that, and, and now those, those cases may be a separate situation where there is some, somehow the federal government is more complicit with the state than, than might be the case here. Although there was close working relationship between Felicien and Friedenberg. So it's not out of the question that detaining a person unauthorized by law for 11 months is, is, is, could be an eighth amendment violation. I mean, it's, it's, certainly detaining a person unlawfully is, is, is, is, is, it is, let's assume that there was a, a, a complete agreement. We're going to, and assume malicious behavior on the part of the federal government. If, if, if she had said, I want this person detained longer and Friedenberg had gone and doctored up something, I mean Felicien had gone and doctored up something to get there and she had actually been, been part of that and instigated it. Then, and, and, and he was held over. Why would that constitute an eighth amendment violation? I'm not saying that's the facts of the case here, but, but clearly it would seem to me that an eighth amendment violation could, could occur by detaining a person for an extended period of time and other courts have held that. You would agree with that much, wouldn't you? Well, your honor, just respectfully, I think I, I do want to point out the distinctions between the cases that plaintiff has cited and the fact that this case, as you kind of alluded to, I understand you're asking more of a hypothetical question, not necessarily tailored to the allegations here. I want to know, really, really what I want to know is whether this is a case for announcing a rule that will bind people in the future as far as the eighth amendment goes, whether or not there's a qualified immunity in this case. Right. So, so I guess my response is that the claims here are twofold. The process and the eighth amendment. So turning to the eighth amendment question here the cases that have been cited are really cases where they're about own sentencing errors. So we don't think that this necessarily presents the occasion to announce a rule here because we don't think the allegations again to the collateral supple point, which I also want to touch on really do are not warranted for this case to be the vehicle by which the court announces a rule. But I think that the flip side of that is for purposes of, again, liability in this case, there has to be clearly established law that that would give a person notice that there is a constitutional violation. But I do want to touch a little bit on the substantive due to that. Why can't this case be the one that clearly establishes the law that wrongfully detaining a person at their mandatory release date is a violation of the eighth amendment? Well, because I think for the reasons of the collateral supple point here, the allegations are what the allegations are. And again, I want to do I do want to point out that the bear allegation in this case is that Miss Friedenberg, who's a clerical employee for no apparent or discernible reason, quote, agreed with a city employee to continue to detain plaintiff. I don't that that allegation itself is not even entitled to the presumption of truth. And so those are some of the reasons why this may not be the appropriate vehicle to announce such a rule, because the allegations are that bear allegation of conspiracy, which courts have consistently held is not sufficient. I have a motion to dismiss. Thanks. Set that aside for a second. Yes. The district court, your motion to dismiss was based on both failure to state a claim and qualified immunity, right? Correct. Right. And the district court said that the complaint failed to state a claim because Mr. Heard didn't have a liberty interest. She made reference to the fact that it was a state created right. And then she made the district court made reference to the parole cases. And of course, there is no liberty interest in parole because one one may be entitled to parole consideration, but not until the parole. You'd agree with me on that, wouldn't you? Yes, Your Honor. In fact, Judge Katzmann and I and Graziano versus Pataki, that's exactly what we ruled with regard to that. But but but the air seems to me, frankly, frankly, is that she equated parole to conditional release. Now, is it not the and he became eligible for conditional release? The person that decided whether he was released or not under state law is Mr. Heard. I'm sorry, it was Mr. Heard or Yeah, sure. Well, Mr. Heard, once one becomes once one's jail time credit, whether the time in state custody, as the which is the accumulation of both their state custody of time and their local jail time credit pursuant to section 600, a of the correctional law. And if they're then given a good time credit, which happened here, right, he got a good time credit, correct? He then becomes eligible for conditional release, correct? Correct. There's nothing more that has to happen for him to walk out the door of the prison other than him to say, I want to leave. Well, I would just add a little bit of nuance to that. Because there's no approval that has to be given. Is there? Well, there is because in all released situations where they're an individual subject to post and a conditional sentence, or conditional release, rather, there is still parole supervision. So there are certain things approved. Well, that's true. Okay, but but he has the right to be released, does he not subject to those conditions? Yes, if nothing else happened, but I guess I, that is correct, and I do want to point out, would you agree with me that the analogy to the parole cases made by the district court was error? It's not an apt analogy, is it? It's, it is an apt analogy. Well, it is. If I could answer, I think the, it is, it is an apt analogy in one sense, because the claims that have been pled here is a substantive due process claim. So whether or not an individual has a liberty interest that's protected by procedural due process is not the same analysis as to whether or not an individual has a right or liberty interest that's protected by the substantive due process analysis. And which is, I think, is where the district court was headed. Because the relevant distinction for purposes of a substantive due process in eighth amendment constitutional analysis is, is really the maximum term of imprisonment. So this isn't a situation, because, you know, under the, the substantive due process analysis, substantive due process rights are those that are derived straight from the Constitution. Here, we have an entitlement, arguably, for release under a state law created scheme of good time credit that is not constitutionally mandated. Well, I understand that, but that, but once the state creates it, and, and does a cabinet in some way, people are entitled to it, aren't they? They are entitled to it. But again, that goes to the procedural due process violation. And well, there's no, I don't understand that at all. There's, that may well be when, when one grants it out of, out of the grace of the state, like parole. But once one jumps, there's no procedure here that has to be followed other than the calculation of the, of the, the extending of the good time credit, right? That is true, Your Honor. But I think, excuse me, if he's denied the good time credit, he has no right to appeal, right? That's fine. I mean, I get that. But that's not what we're talking about here. Let me ask you a question. If this calculation had been right, was there any, was there any way if there had not been this problem, and the certificate had said 996 days, did the state have to release him? Yes, once the, I think once the committee... So the state had to release him. So you're telling me, you're telling me now that he doesn't have a liberty interest in being released? If you just told me the state had to release him? No, Your Honor. I don't mean to, I want to be clear. I don't mean to say that he didn't have a liberty interest. What I'm saying is that what is a liberty interest is for procedural due process. But now... I'm not interested in procedural due process. I'm interested only in the substantive due process claim. Yes, Your Honor. You haven't asked me a single question about procedural due process. So set that to the side for the time being. Okay? The question is I asked you was, did he have a right to be released if he got the good time credit and there was an accurate calculation of his local jail time credit? And you just told me yes. Is that, do you stand by that answer? I do stand by that answer, Your Honor. Okay. And if that calculation, if we conclude that that equals a substantive due process claim, then let me ask you this. Are you still entitled to judgment? Yes, we are still entitled to judgment. On what basis? But I do want, I do want to... Tell me on what basis. Okay. So the basis are that there was no clearly announced law that would put her on notice that relying on this erroneous information that she had no ability to change would give rise to a violation. But the other basis is the collateral estoppel point. Okay. My colleagues are interested in collateral estoppel. I'll be honest with you, I'm not so interested. So because, well, for a number of reasons, but your view is, is that because of the combination of those corrections law and, or the fact that we have never characterized and made a determination as to the nature of this conditional release, that this is not clearly established. Her, Friedenberg had no way of knowing that she somehow would have an obligation to do something to try and correct a certificate that under state law comes from a local agency. Well, she, she does not have the ability to correct it, but aside from that, it's not the general question of whether or not there's some free floating violation around, again, just tailoring it to the allegations in this case, which are substantive due process and eighth amendment. And so the burden is on the plaintiff to identify clearly established law that would have put an individual on notice. And here we have the, you know, the situation in no way minimizing the excess attention that plaintiff suffered here. Again, this affirming the dismissal here would not obviously leave plaintiff without a remedy. He obviously has had a settlement from the party that again, the state court determined was the liable party. Counselor, I understand that. This is Judge Walker. I understand that. But the point that Judge Wesley was asking really were whether or not there was a liberty interest here in his being released because both the good time and the jail time credits, the certificates that were gotten in the award, there's one certificate and one award. That once those occur, those moments occurred, his release was mandated under state law. Isn't that correct? That is correct, Your Honor. So it's, and the word is used to shall release, I think. But there's no question or ifs, ands, and buts about the mandate. And so it's mandated under state law. And how can that differ from because he's released from prison? There may be continuing obligations of some sort, some supervision or something of that sort. But that he has a liberty interest in walking out of jail. No matter what the subsequent conditions are. It's not like parole, where you don't have a right to a particular release on parole, just simply because you have a, you know, you have the most you have is a right to parole hearing. But, but this is different. This is released from custody into non custody. And it seems to me that that that's very clear that that's a liberty interest. And now there may be a liability issue here based upon a couple of them. Judge Wesley's raised the city, the fact that the city determines the good time credit, and or the jail time credit. And the judge, Judge Katzmann has raised the issue of the collateral estoppel. But, but it seems to me that under those circumstances, we can all agree that there was a liberty interest here that he had in being released on the on the day he should have been released, right? Yes, we do agree there is a liberty interest and not to at the risk of beating a dead horse. I just ask your, your honors to consider and may ultimately disagree with us on this point. But if you look at the case law about liberty interest, there are different liberty interests that are of different dimensions. So again, here, there may have been a state law violation, and maybe a deprivation of liberty interest, but individuals, there wasn't any lack of authority. For it, there is a difference between liberty and state law is always going to be implicated under the 14th Amendment and the Eighth Amendment. They're incorporated by reference. And so we're always going to be looking at state law. And state law mandates when state law mandates no jail for this person at a certain point. Now, that's the same as the fact that, you know, he's, if the judge sentences him to time served, and in court and says, you're free to go, and the marshals take him and lock him up for a month. That's without any authority. It's the same thing, isn't it? I mean, you know, it's the same substantive due process, same Eighth Amendment question about his liberty interest. Everybody has a liberty interest, if they're not bound to be in jail. It seems to me, no matter how that occurs. Yeah, we don't, I don't think we disagree on that there was a violation and had the original jail time certificate main, you know, was on on the books and continue to be and that Mr. Greenberg did not receive continuing, conflicting and erroneous information that plaintiff should have been released. How long after the first determination of the 996 days? Did she get the information about the 507? I think a matter of a week or so. And why didn't she just act on the on the 500 on the on the first the first of the 996? And I want to be just be careful since we're on a motion dismissal, I'm happy to talk about the allegations. But it and I think this is fleshed out in the in the state court judgment more fully, but there was steps that needed to be processed. Because once you got the jail time certificate, there still needed to go through the process of internally determining whether or not the plaintiff here was qualified and whether docs would give him the good time credit that was earned. So that was a determination that needed to be made. And that took some time, but they did it docs did have a policy. And again, this is fully fleshed out in the state court judgment. I don't want to overstep and talking about but this is the process essentially is that there was confirmation to try to make sure they didn't release someone that actually needed to continue to be confined by different jurisdiction. And so that's when the issue came of the conflicting information where as your honors questions alluded to earlier, Miss Friedenberg was told, no, the original information was incorrect. And so she was waiting to get that information. And these are the allegations that are put in this complaint. So again, you know, there are multiple grounds for affirming here. And if, if there is, I do want to touch a little bit on the collateral estoppel point to the extent that it's interesting. I asked you a couple of questions on collateral estoppel. Sure, Your Honor. Judge Kastman. So the state court's decision, and correct me if I'm misunderstanding, focused on Friedenberg's reliance on the jail time certificates. But it didn't, that is a state court decision didn't explicitly discuss Friedenberg's alleged failure to respond to Herd's complaints. If that's the case, why do you think the part of Herd's claims that Friedenberg failed to meaningfully respond to Herd's complaints should also be collaterally estopped? Because I think it's our view of what was decided and the facts were before the allegations. Their central allegations and the central theory of liability was identical between the two cases. Their plaintiff put and claimant put forth all the same evidence that he claimed that he made these inquiries. But again, the record shows in his allegations that Ms. Friedenberg responded and said, you need to address it with the city. I don't have, we don't have authority to change it. And so those were part of the court of claims factual findings. That's, you can see from the addendum documents, it's apparent on the face of those documents, what plaintiff was arguing. It's just that on the full summary judgment record, the court of claims resolved all of those issues and found no triable issue of fact against plaintiff and claimant in that case. Their findings that Friedenberg basically acted in a quote, objectively reasonable and diligent manner. She continually followed up and asked for information. She got conflicting information from different city officials. And she said, I need something in writing. That's, it was the whole course of those facts and allegations was fully before the court of claims. And that's a central issue, whether or not the, whether again, plaintiff's continued excess detention was objectively reasonable or where there was some basis for it. And there, the court of claims resolved those issues against plaintiffs. And again, to the full and fair opportunity point, again, this is whether or not plaintiff may have had a reduced incentive to pursue an appeal after the court of claims had produced a final judgment is really not the relevant question for collateral estoppel analysis, because the question was whether or not there was a full and fair opportunity to litigate that issue. That plaintiff opted not to litigate something doesn't mean that he didn't have the opportunity to do it. And here we have a valid judgment from a state court, which is entitled to preclusive effect. And again, but how do you, how do you that the state court's judgment was reached after the federal court, a district court's judgment. And so collateral estoppel wouldn't apply. The collateral estoppel applies as a basis for this court to affirm the dismissal. And yes, the timing is that, you know, that is the reason we didn't raise it in our motion to dismiss below is because the state court judgment here came after the district court had issued the, you know, had issued the dismissal decision. But again, this court has the ability to resolve the case and affirm on any basis that appears in the record. And here we have now a conclusive state court judgment that actually decides the central issues that are identical across both actions, which is the allegation that Ms. Friedenberg for no apparent reason conspired with a city employee to just choose to detain the plaintiff in this case without any basis. Those issues were squarely presented before the state court represented by the same council vigorously contested and had produced a final judgment, which is entitled to preclusive effect. And that's a separate basis where the court even not to reach the constitutional issues or the qualified immunity issues that affords this course a basis for affirming the dismissal here. And so unless the court has further questions, we ask that you affirm. Thank you. We'll now hear from Mr. Liu, two minutes in rebuttal. Thank you, Your Honor. I have two points. First, my adversary insists that we make the bare allegation that our basis for deliberate and pleading deliberate indifference is the bare allegation. Ms. Friedenberg agreed with somebody at the city to change the jail time certificate. That's not the basis of the deliberate indifference claim, or at least it's not the sole basis. The basis is as all these cases that we've cited hold, you can show an Eighth Amendment or due process violation by establishing that the state official took ineffectual or no action in response to well-founded complaints that you were being imprisoned unlawfully. Those are the operative facts here. And just Ms. Friedenberg, we also pleaded a theory in the district court that's our third cause of action, a joint appendix 24, that Ms. Friedenberg was liable under a failure of her duty to intervene. The district court didn't reach that issue because it had found there was no constitutional right in the first place. But that was wrong. The second point is I want to talk about the qualified immunity issue. The out-of-circuit case law can clearly establish a right in this circuit if it clearly foreshadows the right. And all these cases from six circuits that we cite show that they do. I also want to draw the court's attention to the Simon case. This is just like the Simon case in which Judge Katzman wrote the decision. Simon concerned the execution of a material witness warrant, and the court noted that there was very little case law dealing with material witness warrants specifically as opposed to routine arrest warrants. But the court reasoned that it was integral to the Fourth Amendment that the police must obey the terms on the face of any warrant. So it found not only that the police officers had violated the Fourth Amendment by failing to obey the plain terms of the material witness warrant in that case, but also that they weren't entitled to qualified immunity because even in the absence of relevant case law, it was so obvious that their actions were unlawful. The same thing here. It doesn't matter how many decisions specifically dealt with prisoners held past their conditional release date. It's integral to the Eighth Amendment and to due process that a prison official can't confine someone past the date on which she just knows the law requires that person to be freed. No, we haven't. We haven't. We haven't. We haven't. She did was within a short period of time after getting the information about the 996 days, she made an inquiry. And she wanted to be sure that there wasn't a mistake. And that's reasonable. It turned out to be wrong. There was a mistake later on, but not at the beginning. But she didn't know that at that point. So unless you're saying that as soon as you get the first information that would entitle the prisoner to release, you can't check any further because you're bound by that first statement that comes to you from the authority that then, then, you know, you, you can't, it just can't work that way, right? If I understand your question, you're saying that I think you're saying that the initial receipt of the 996 days was the equivalent to receiving a warrant, and that therefore, you had no obligation, you couldn't do anything, but, but execute. And, and that that that can't be right. She has a right to check. She has a right to check on whether that number is correct. I'll grant you for the sake of this argument that that's correct. But the real, the real gravamen of our claim is that she then heard from the city jail time coordinator on multiple occasions that the original jail time certificate was in fact, correct. The jail time certificate, the jail time coordinator had checked with the state office of sentencing review and confirmed that. And then Mr. Heard also himself made detailed, well-founded complaints as we plead in our complaint that the original jail time certificate was the correct one. Isn't the qualified immunity question though, whether she knew whether it was clearly established, whether she, by her not somehow doing something that state law doesn't let her do, you've told rights by not going back and just accepting the first. That's, that's the question for qualified immunity, isn't it? She has to know that when she decides not to accept the first certificate, but notwithstanding whatever the state law is, I guess, that, that she's violating his eighth amendment rights, doesn't she? The violation is not simply that she refused to accept the first certificate once she had told it by this, by Mr. Felician that it was wrong. Has this court ever, has this court or any court ever explored what the implications of section 600A of the correct New York correction law are with regard to the obligations of New York state docs employees in effectuating the release of people whose good time and their local jail time then equal their release date. Have we ever explored that? Uh, not that I'm aware of. All right. Thank you. Thank you. Thank you all for your arguments, uh, very vigorously and well argued on both sides. The court will reserve decision. We'll hear the next case.